UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:05-CV-249-V

| | | |
|---|---|---|
| NICHOLS FAMILY INVESTMENTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | DEFAULT JUDGMENT |
| | ) | |
| KEVIN HACKENBERG, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Default Judgment, filed on April 4, 2006, against Defendants Hackenberg, Bird, Crumb, Gonzales, Hackenberg Enterprises, LLC, and Hackenberg Enterprises, Inc.[1] (docs. # 42, 43) Plaintiff seeks to hold these defendants jointly and severally liable. Although summons were returned executed as to all six defendants, none of these defendants responded or made any appearance before the Court in this matter. Accordingly, the Clerk made entry of default as to these six defendants on February 27, 2006. The Court held a hearing on the matter on June 21, 2006, and the Defendants failed to appear.

Having reviewed the arguments on brief and heard the arguments in open court, the Court **GRANTS** Plaintiff's Motion for Default Judgment.

## I. FACTUAL AND PROCEDURAL HISTORY

This suit arises out of a business transaction between the Plaintiff and the Defendants. The Plaintiff, through a financial services firm ("Hayden Harper"), agreed to give the Defendants a $2.5 million "bridge loan"[2] to secure financing for the acquisition of oil fields. (Compl. ¶¶ 17,

---

[1] On April 4, 2006, Plaintiff voluntarily dismissed its claims against Defendants Stuart Nazzaro and Aldebaran Partners. (doc. # 45) Following this order entering default judgment, the only remaining defendant will be Dale Hill.

[2] A "bridge loan" is a term for a short-term loan in the financial industry. In this case, it was meant to take advantage of a short-term financing opportunity in order to secure long-term financing.

18) A total of $2,477,110 was paid to the Defendants after the execution of two secured promissory notes. (Compl. ¶¶ 23, 24, 34) The Plaintiff contends that the Defendants never intended to arrange the financing of oil fields with the $2.5 million loan. (Compl. ¶ 26) Despite not being used for its purported original purpose, only $27,000 was returned to the Plaintiff. (Compl. ¶ 46) The complaint, filed on September 8, 2005, alleges fraud, conversion, civil conspiracy, violations of the North Carolina Loan Broker Act, unfair trade practices, and federal civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") against nine defendants.

## II. FINDINGS OF FACT & CONCLUSIONS OF LAW SUPPORTING DEFAULT JUDGMENT AND DAMAGES AWARD:

1. The facts are as alleged in the Complaint. The Court concludes as a matter of law that these facts justify the relief provided herein.

### III. DECRETAL:

1. Default Judgment is granted in favor of Plaintiff Nichols Family Investments, LLC, against Defendants Kevin Hackenberg, Calvin Bird, Harold Crumb, Carlos Gonzales, Hackenberg Enterprises, LLC, and Hackenberg Enterprises, Inc., jointly and severally, for fraud, conversion, and conspiracy in the amount of $2,450,110.

2. Default Judgment is granted in favor of Plaintiff Nichols Family Investments, LLC, against Defendants Kevin Hackenberg, Calvin Bird, Harold Crumb, Carlos Gonzales, Hackenberg Enterprises, LLC, and Hackenberg Enterprises, Inc., jointly and severally, for violation of the North Carolina Loan Broker Act, the North Carolina Unfair and Deceptive Trade Practices Act, and the Racketeer Influenced and Corrupt Organizations Act. Treble damages in the amount of $7,350,330 are granted as set forth by N.C. Gen. Stat. §§66-106 et seq., 66-111(d), 75- 1.1, 75-16, and 18 U.S.C. §§ 1341, 1343, 1961(1)(B),(4) and (5), 1962 (a)-(c), and 1964(c).

3. All remaining claims against Defendants Kevin Hackenberg, Calvin Bird, Harold Crumb, Carlos Gonzales, Hackenberg Enterprises, LLC, and Hackenberg Enterprises, Inc., are dismissed without prejudice as the Court is not relying on these claims for this Default

Judgment.

4. Consistent with the Court's oral statements at the hearing on June 21, 2006, reasonable attorney's fees are granted pursuant to N.C. Gen. Stat. §66-111(a) and 18 U.S.C. §§75-16.1(1), 1964(c). However, the amount of such reasonable attorney's fees remains open pending Plaintiff's submission of documentation in support of Plaintiff's request for such fees.

5. Because the claims asserted against Defendants Kevin Hackenberg, Calvin Bird, Harold Crumb, Carlos Gonzales, Hackenberg Enterprises, LLC, and Hackenberg Enterprises, Inc., involve the same injuries, the total judgment against these defendants, jointly and severally, is $7,350,330.

6. This judgment is (a) for money or an extension of credit obtained by false pretenses, false representations, and actual fraud not related to the defaulting defendants' financial condition, (b) for fraud while acting in a fiduciary capacity, and (c) for willful and malicious injury by the defaulting defendants to the plaintiff.

7. There is no just reason for delay of entry of final judgment on the claims adjudicated by this Order, and this Order is otherwise appropriate for certification as a final judgment under Fed. R. Civ. P. 54(b). The Court therefore expressly directs that this Order be entered as a final judgment.

**SO ORDERED.**

Signed: July 18, 2006

Richard L. Voorhees
United States District Judge