IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:05CV249-V

| | |
|---|---|
| NICHOLS FAMILY INVESTMENTS, LLC, <br>       Plaintiff, <br><br> vs. <br><br> KEVIN HACKENBERG, CALVIN BIRD, DALE HILL d/b/a SIGNATURE FINANCIAL GROUP, HAROLD CRUM, CARLOS GONZALES, HACKENBERG ENTERPRISES, INC., HACKENBERG ENTERPRISES, LLC, <br>       Defendants. | **O R D E R** |

**THIS MATTER** is before the Court on Plaintiff's "Motion For Entry Of Default and Default Judgment Against Dale Hill."[1] (Document #50)

### I. Background & Procedural History

Plaintiff's Complaint, filed on September 8, 2005, alleges fraud, conversion, civil conspiracy, violations of the North Carolina Loan Broker Act, unfair trade practices, and federal civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") against nine (9) individual and corporate defendants.[2]

In November 2005, Hill, acting *pro se*, moved to dismiss Plaintiff's claims against him on various grounds, including lack of personal jurisdiction. (Document #6) On June 1, 2006, this Court denied Defendant's motion. (Document #47)  Since that time, Hill has not filed an Answer or any

---

[1] As of the filing of Plaintiff's motion, Hill was the sole remaining Defendant.

[2] A more detailed description of the nature of the civil action, as well as Plaintiff's specific allegations with respect to Defendant Hill, may be found within the Court's June 1, 2006 Memorandum and Order.

other document with the Court. Nor has Hill sought an extension of time to do so. According to the record, the Court's June 1, 2006 Memorandum and Order mailed to Hill was returned to the Statesville Division of the Clerk's Office, designated as "undeliverable." In recent months, the Deputy Clerk has made several unsuccessful attempts to serve the June 2006 Order on Defendant. The Deputy Clerk mailed a copy of the Order to two (2) different addresses - each mailing via certified mail, return receipt, and restricted delivery.[3] The latest attempt to serve Defendant Hill was sent at the suggestion of the Court on March 20, 2007.[4]

On July 18, 2006, the Court entered default judgment against Defendants Kevin Hackenburg, Calvin Bird, Harold Crum, Carlos Gonzales, Hackenberg Enterprises, LLC, and Hackenberg Enterprises, Inc., in the amount of $7,350.330. (Document #49) According to Plaintiff, it did not pursue entry of default and default judgment against Defendant Hill earlier because Hill initially defended against the action.

On December 4, 2006, Defendant Crum moved to set aside the default judgment entered against him pursuant to FED. R. CIV. P. 60(b). (Document #52) On March 30, 2007, Plaintiff obtained leave from the Court to submit a Surreply. Plaintiff's Surreply is due on or before April 26, 2007.

## II. Motion For Entry Of Default

Rule 55(a) of the Federal Rules of Civil Procedure provides for entry of default when a party "has failed to plead or otherwise defend" an action. FED. R.CIV.P. 55(a). Where the opposing party has made an appearance, the following factors may be relevant: 1) whether the default was willful; 2) whether there is prejudice to the adversary / movant; 3) whether a meritorious defense is

---

[3] The second address was discovered after one mailing was returned by the post office indicating that the mail forwarding order (including a different address than what was originally reflected in the court's filings) had expired. The fact that Hill forwarded his mail weighs in his favor in that it is not indicative of a willful attempt to avoid service.

[4] The Clerk's Office has not yet received the return receipt.

presented; 4) the nature of the defendant's explanation for the default; 5) the good faith of the parties; 6) the amount of money involved; and 7) the timing of the motion. Schmir v. Prudential Ins. Co. of Am., 220 F.R.D. 4, 5 (D. Maine 2004) (adapting factors relevant to Rule 55(c) issue of whether setting aside default judgment is appropriate) (*citing* McKinnon v. Kwong Wah Rest., 83 F.3d 498, 503 (1st Cir.1996)). The Court is also guided by the Fourth Circuit's "strong policy that cases be decided on their merits." Sec. and Exch. Comm'n v. Lawbaugh, 359 F.Supp.2d 418, 421-22 (D.Md.2005) (*citing* Dow v. Jones, 232 F.Supp.2d 491, 494 (D.Md.2002); United States v. Shaffer Equip. Co., 11 F.3d 450, 453 (4th Cir.1993)).[5]

The Court's Memorandum and Order denying Defendant Hill's Rule 12(b) motion issued on June 1, 2006. Thus, Defendant Hill had ten (10) days from "notice of the Court's action" to submit its responsive pleading.[6] Fed. R. Civ.P. 12(a)(4)(A). Presuming "notice of the Court's action" pursuant to Rule 12(a)(4)(A), Defendant's Answer was due on or around June 14, 2006. As noted above, it is possible Hill did not receive notice of the Court's decision denying his motion to dismiss.

It is well established that notice and the opportunity to be heard are the earmarks of due process. It is also true that to the extent Hill has not received notice of the Court's ruling, Hill himself must bear some of the responsibility for not notifying Plaintiff or the Court of his whereabouts. *See* Sec. and Exch. Comm'n v. Lawbaugh, 359 F.Supp. 2d at 421 (default judgment may be appropriate when the adversary process has been halted because of an essentially

---

[5] There is little case law on this issue within the Fourth Circuit. The Lawbaugh case is distinguishable from the facts here in that Defendant Lawbaugh had notice of the Court's adverse ruling as well as entry of default but chose not to defend and / or not respond in any manner for almost a year. Lawbaugh, 359 F.Supp.2d at 421-22. That is not to say that Plaintiff may not renew its motion for entry of default and default judgment at some point in the future.

[6] Rule 12(a)(4)(A) reads as follows:

Unless a different time is fixed by court order, the service of a motion permitted under this rule alters these periods of time as follows:

(A) if the court denies the motion . . . the responsive pleading shall be served within 10 days after notice of the court's action;

3

unresponsive party with notice of impending default). Nonetheless, the Court, in its discretion, declines to enter default in favor of Plaintiff and against Defendant Hill at this time as the undersigned is not certain that the Court (or the Plaintiff) has exhausted every avenue reasonably available for accomplishing service of the June 2006 Memorandum and Order.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Motions For Entry of Default and For Default Judgment are hereby **DENIED**.

Signed: April 5, 2007

Richard L. Voorhees
United States District Judge